IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Vu Duy, ) | |
| ) | Civil Action No. 8:06-0028-TLW-BHH |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Federal Bureau of Prisons; ) | |
| and Ruth Yancey, Warden, ) | |
| Respondents. ) | |

The petitioner, a federal prisoner proceeding *pro se*, seeks relief pursuant to 28 U.S.C. § 2241. This matter is before the Court on the respondents' motion to dismiss or, alternatively, for summary judgment.[1]

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner filed this habeas action on January 19, 2006. On April 20, 2006, the respondents moved for summary judgment. By order filed April 21, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the

---

[1] Because the parties submitted, and the court considered, matters outside of the complaint, the respondents' motion has been treated as one for summary judgment. *See* Fed.R.Civ.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56....").

summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 23, 2006, the petitioner filed a response.

## FACTS PRESENTED

The petitioner is currently a federal prisoner being housed in the Federal Correctional Institution at Williamsburg ("FCI-Willaimsburg").[2] While being housed at the McRae Correctional Institution ("McRae") in Georgia, the petitioner lost 106 days of good conduct time and was placed in disciplinary segregation for sixty days, (Pet.'s Mem. Supp. Habeas Pet. at 6.), as a result of eleven separate disciplinary proceedings. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 4.) The petitioner brought this habeas action seeking the restoration of his good conduct time and the expungement of all references to the disciplinary actions from his record. (Pet. at 8.)

## APPLICABLE LAW

**SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rule of Civil Procedure states as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

---

[2] The petitioner was convicted of two counts of possession with intent to distribute methamphetamines, conspiracy to possess with intent to distribute methaphetamines; and possession of a firearm in furtherance of a drug trafficking offense in the Northern District of Texas He was sentenced to an aggregate sentence of 138 months. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 1.)

2

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that (1) there is no genuine issue as to any material fact; and (2) that he is entitled to summary judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of it existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all interferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the petitioner's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985).

3

**DISCUSSION**

In his response to the respondents' summary judgment motion, the petitioner clarifies that he is only challenging McRae's authority to discipline him and, more specifically, to disallow good conduct time. (Pet.'s Mem. Opp. Summ. J. Mot. at 1-2.) He contends that McRae is not a federal facility or detention center and thus does not have the authority to sanction federal inmates. (*Id.* at 4.)

On April 3, 2005, the petitioner, while an inmate at McRae, was charged with being in an unauthorized area and tattoing or self-mutilating after he was found in a cell receiving a tattoo from another inmate. (Resp.'s Mem. Supp. Summ. Mot. Ex. 2 at 9.)[3] The incident report states that, at the hearing on May 4, 2005, before the Disciplinary Hearing Officer ("DHO"), the petitioner admitted he had committed the acts alleged in the incident report. (*Id.*)[4] The petitioner was sanctioned with the loss of fifteen days of good conduct time and commissary privileges for sixty days. (*Id.*)

The petitioner appealed challenging the CCA's authority to disallow good conduct time. (Resp.'s Mem. Supp. Summ. Mot. Ex. 6 at 2.) After review, the appeal was denied

---

[3]The Court notes that the petitioner filed an administrative appeal on only one of his numerous disciplinary proceedings. (Resp.'s Mem. Supp. Summ. Mot. Ex. 2; Pet.'s Mem. Opp. Summ. J. Mot. at 4.) The petitioner states he filed only one appeal because "if one (1) of his complaints was dismissed the further filings would be without merit as well and would be a waste of all time involved." (Pet.'s Mem. Opp. Summ. J. Mot. at 4.) To the extent that the petition could be construed as challenging petitioner's other disciplinary actions, such claims are barred for failure to exhaust. *Kurfees v. INS*, 275 F.3d 332, 336 (4th Cir. 2001).

[4]Although the petitioner admitted the acts alleged in the incident report, he contended he was not guilty of the charged misconduct because he was not tattooing himself. He argued he was merely receiving a tattoo. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 5 at 9.)

4

by the warden. (*Id*. at 5.) The petitioner filed a Regional Administrative Remedy Appeal with the Bureau of Prisons ("BOP") which was also denied. (*Id*. at 4.) The petitioner then filed a Central Office Administrative Remedy Appeal with the BOP which was denied. (*Id*. at 1.) The petitioner claims McRae is not a federal prison and, therefore, it is not authorized to enforce federal regulations providing for the forfeiture of good conduct time.

The BOP is responsible for "the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States." 18 U.S.C. § 4042(a)(3). The BOP's authority includes contracting out the care of prisoners to private facilities. *Id*. § 4013(a)(3). The BOP has contracted with the Corrections Corporation of America ("CCA"), a private corporation, to house federal prisoners at McRae. (Resp.'s Mem. Supp. Summ. J. Mot. Ex. 2.) The contract requires CCA to follow the BOP Program Statement for Disciplinary Procedures. (*Id*.)

The relationship between the federal government and facilities which house federal inmates pursuant to contract has been described as follows:

> Even though the federal government may enter into contracts with a local agency for imprisonment of federal prisoners, "no 'federal agency or officer thereof has any authority to exercise any control over the day to day management of the local institution or over the details of the custody and care of federal prisoners confined therein." '. . . 18 U.S.C. § 4001(b)(1), [provides] that " '[t]he control and management of Federal penal and correctional institutions . . . shall be vested in the Attorney General, who shall promulgate rules for the government thereof, and appoint all necessary officers and employees in accordance with the civil-service laws . . . " 'Therefore, when the Attorney General is not permitted to fulfill this role with respect to a penal facility, even when a contract for usage of that facility exists, the facility cannot properly be categorized as a "Federal" prison.

*United States v. Cardona*, 266 F.Supp.2d 558, 560 (W.D.Tex.2003) (internal citations omitted).  The petitioner argues that McRae is not a "federal" prison because the daily management and control of McRae is the responsibility of CCA, not the BOP, and the BOP has no direct or constructive control over managerial functions at McRae.

Even assuming that McRae is not a "federal" prison, *Gallo v. Pugh*, 2005 WL 2237614 (S.D. Ga. 2005)(unpublished), officials at McRae may nevertheless impose disciplinary sanctions as delegated by the BOP. "It is well-established that federal agencies may not delegate their statutory authorities to private parties.  However, '[t]he ultimate test of the validity of an agency's delegation of responsibility to a private party is whether the delegating agency retains final decision-making authority.'" *Carabollo-Rodriguez v. Pugh*, CV 304-081 (S.D. Ga. June 13, 2005) (citing *Ocean Conservancy v. Evans*, 260 F.Supp.2d 1162, 1183 (M.D.Fla.2003)).  Here, the BOP has retained sufficient final authority to prevent an unlawful delegation.

Although McRae prison officials, employees of CCA, have authority to disallow good conduct time, this delegated authority is subject to review by the BOP and the BOP is charged with making a final determination as to whether disciplinary proceedings are proper.  In fact, in this case, the record shows that the petitioner's appeal of his loss of good conduct time was reviewed by the BOP through the petitioner's appeals.  (Resp.'s Mem. Supp. Summ. J. Mot. Exs. 5 & 6.)  Thus, the BOP retained the final decision-making authority regarding the imposition of disciplinary sanctions, and did not unlawfully delegate its authority to CCA.  Accordingly, the petitioner's disciplinary sanction was proper and the

6

petitioner's arguments concerning expungement or correction of his records are without merit.

## **CONCLUSION**

Wherefore, it is RECOMMENDED that the respondents' Motion for Summary Judgment be GRANTED and the petitioner's petition be DISMISSED with prejudice. **The petitioner's attention is directed to the notice on the following page.**

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks<br>United States Magistrate Judge

September 18, 2006
Greenville, South Carolina

7

**Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"**
**&**
**The *Serious Consequences* of a Failure to Do So**

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of service. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410 (D.S.C. 1993).

During the period for filing objections, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> **A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.**

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> **Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.**

*See also* Branch v. Martin, 886 F.2d 1043, 1046 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

**Larry W. Propes, Clerk**
**United States District Court**
**P.O. Box 10768**
**Greenville, South Carolina 29603**